IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-202-2D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KATHY NETHERCUTT CONWAY, | ) | |
| | ) | |
| Defendant. | ) | |

On June 13, 2012, a federal grand jury indicted Kathy Nethercutt Conway ("Conway") and charged her with one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), two counts of concealment of money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i), and two counts of laundering more than $10,000 and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1957 [D.E. 1]. On September 4, 2012, Conway filed a motion for disclosure of summary exhibits [D.E. 31], a motion for notice of Rule 404(b) evidence [D.E. 32], a motion to sequester witnesses [D.E. 33], a motion for immediate production of exculpatory and impeachment evidence [D.E. 34], a motion to sever [D.E. 35], and a motion for a bill of particulars [D.E. 36]. On September 20, 2012, the government responded to Conway's motions [D.E. 41]. As explained below, the court grants the motion for disclosure of summary exhibits, denies the motion for notice of Rule 404(b) evidence, grants the motion to sequester, and denies the motion for production, motion to sever, and motion for a bill of particulars.

I.

First, Conway moves for the government to produce fourteen days before trial "any summary or chart that it intends to use at trial." Mot. Disclosure [D.E. 31] 2. Rule 1006 of the Federal Rules

of Evidence provides that duplicates or originals of summaries or charts that will be used at trial must be made available to an opposing party "at a reasonable time and place." The government asserts that it will make any materials covered under Rule 1006 available to Conway fourteen days before trial, and any demonstrative exhibits not covered under Rule 1006 will be produced the Friday before trial. Gov't Resp. 1–2. The government also requests that Conway produce any Rule 1006 material fourteen days before trial, that modifications to summary exhibits be permitted within fourteen days of trial so long as an initial draft of the exhibit was provided by the deadline, and that both parties be able to use the fourteen days before trial to prepare additional exhibits derived from the other side's exhibits. Gov't Resp. 1. The court agrees with the parties' proposed deadlines and the government's additional requests. Thus, Conway's motion is granted, and the parties shall comply with the foregoing schedule.

Second, Conway asks the court to order the government to provide notice of Rule 404(b) evidence. See Mot. Notice [D.E. 32] 1. Under Rule 404(b), the government need only "provide reasonable notice in advance of trial . . . of the general nature of any [Rule 404(b)] evidence it intends to introduce at trial." United States v. Swain, No. 4:07-CR-62-D, 2008 WL 717720, at *1 (E.D.N.C. Mar. 17, 2008) (unpublished) (quotation omitted) (alterations in original); see Fed. R. Evid. 404(b)(2). The government asserts that it will provide notice of Rule 404(b) evidence one week before trial. See Gov't Resp. 2. Notice one week before trial is reasonable. See, e.g., United States v. Graham, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006); accord Swain, 2008 WL 717720, at *1. Thus, the court denies Conway's motion as moot.

Third, Conway asks the court to order the government to sequester the government's witnesses, with the exception of the government's case agent. Mot. Sequester [D.E. 33] 1–2. The government agrees to sequester its witnesses with the exception of its case agent. See Gov't Resp.

2

2. Rule 615 of the Federal Rules of Evidence "requires the trial court, at the request of a party, to sequester a witness, expressly providing an exception for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.'" United States v. Farnham, 791 F.2d 331, 334 (4th Cir. 1986) (quoting Fed. R. Evid. 615); see United States v. Rhynes, 218 F.3d 310, 316–17 (4th Cir. 2000) (en banc). Accordingly, the government's designated case agent is permitted to remain in the courtroom, even if the case agent is expected to testify. See, e.g., United States v. Kosko, 870 F.2d 162, 164 (4th Cir. 1989); Farnham, 791 F.2d at 334; United States v. Parodi, 703 F.2d 768, 773-74 (4th Cir. 1983) (collecting cases). Thus, the court grants Conway's request to exclude all witnesses except the government's designated case agent. See Fed. R. Evid. 615. Likewise, the sequestration rule applies to Conway's witnesses (other than Conway). See id.

Fourth, Conway moves for the immediate production of exculpatory and impeachment evidence. See Mot. Produc. [D.E. 34] 1. Under Brady and Giglio, the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial." United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985); see United States v. Jeffers, 570 F.3d 557, 573 (4th Cir. 2009). The government asserts that it is not currently aware of any Brady materials subject to disclosure, but if it discovers such materials, the government will produce them. See Gov't Resp. 2. Moreover, the government asserts that it is aware of its obligations under Brady and Giglio and will disclose all impeachment evidence no later than seven days before trial. See id. 3. The court credits the government's assertion that it will disclose all exculpatory evidence as soon as it becomes known and impeachment evidence no later than seven days before trial. This schedule permits time for Conway to effectively use such evidence at trial. See Smith Grading, 760 F.2d at 532. Accordingly, the court denies Conway's request that the court direct the government to immediately produce Brady and Giglio material.

3

Fifth, Conway moves to sever her trial from that of her co-defendant, Ernest Artis ("Artis"), pursuant to Federal Rule of Criminal Procedure 8(b). Mot. Sever [D.E. 35] 1. Conway argues that her joinder with Artis in the same indictment was improper under Rule 8(b) "because the money laundering charges against Conway are not connected in any way to the drug conspiracy alleged against Artis." Id. 3. Rule 8(b) permits joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Fourth Circuit has held that "[s]eparate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme." United States v. Haney, 914 F.2d 602, 606 (4th Cir. 1990) (quotations omitted); see United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987). Transaction is defined "flexibly, as implying a connection or logical relationship rather than immediateness." Haney, 914 F.2d at 606 (quotations omitted). Furthermore, "members of two or more conspiracies may be joined as defendants even where the members have not been charged as participating in one overarching conspiracy." United States v. Rittweger, 524 F.3d 171, 178 (2d Cir. 2008); see United States v. Marzano, 160 F.3d 399, 401 (7th Cir. 1998).

To assess whether joinder is proper, the court looks only to what is alleged in the indictment. See, e.g., Fed. R. Evid. 8(b); Marzano, 160 F.3d at 401; Porter, 821 F.2d at 972. Here, count two of the indictment charges that Conway and Artis "knowingly conspire[d] with each other" to launder the proceeds of "drug trafficking," which was charged in count one. Indictment 2. Counts four, five, seven and eight further allege specific instances when Conway and Artis engaged in money laundering and concealment of money laundering with proceeds from drug trafficking activities. See id. 4–7. The drug and money laundering activities charged here are part of the same series of acts or transactions because they share a common participant (Artis) and the facts, as alleged in the

4

Fifth, Conway moves to sever her trial from that of her co-defendant, Ernest Artis ("Artis"), pursuant to Federal Rule of Criminal Procedure 8(b). Mot. Sever [D.E. 35] 1. Conway argues that her joinder with Artis in the same indictment was improper under Rule 8(b) "because the money laundering charges against Conway are not connected in any way to the drug conspiracy alleged against Artis." Id. 3. Rule 8(b) permits joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Fourth Circuit has held that "[s]eparate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme." United States v. Haney, 914 F.2d 602, 606 (4th Cir. 1990) (quotations omitted); see United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987). Transaction is defined "flexibly, as implying a connection or logical relationship rather than immediateness." Haney, 914 F.2d at 606 (quotations omitted). Furthermore, "members of two or more conspiracies may be joined as defendants even where the members have not been charged as participating in one overarching conspiracy." United States v. Rittweger, 524 F.3d 171, 178 (2d Cir. 2008); see United States v. Marzano, 160 F.3d 399, 401 (7th Cir. 1998).

To assess whether joinder is proper, the court looks only to what is alleged in the indictment. See, e.g., Fed. R. Evid. 8(b); Marzano, 160 F.3d at 401; Porter, 821 F.2d at 972. Here, count two of the indictment charges that Conway and Artis "knowingly conspire[d] with each other" to launder the proceeds of "drug trafficking," which was charged in count one. Indictment 2. Counts four, five, seven and eight further allege specific instances when Conway and Artis engaged in money laundering and concealment of money laundering with proceeds from drug trafficking activities. See id. 4–7. The drug and money laundering activities charged here are part of the same series of acts or transactions because they share a common participant (Artis) and the facts, as alleged in the

4

Fifth, Conway moves to sever her trial from that of her co-defendant, Ernest Artis ("Artis"), pursuant to Federal Rule of Criminal Procedure 8(b). Mot. Sever [D.E. 35] 1. Conway argues that her joinder with Artis in the same indictment was improper under Rule 8(b) "because the money laundering charges against Conway are not connected in any way to the drug conspiracy alleged against Artis." Id. 3. Rule 8(b) permits joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Fourth Circuit has held that "[s]eparate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme." United States v. Haney, 914 F.2d 602, 606 (4th Cir. 1990) (quotations omitted); see United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987). Transaction is defined "flexibly, as implying a connection or logical relationship rather than immediateness." Haney, 914 F.2d at 606 (quotations omitted). Furthermore, "members of two or more conspiracies may be joined as defendants even where the members have not been charged as participating in one overarching conspiracy." United States v. Rittweger, 524 F.3d 171, 178 (2d Cir. 2008); see United States v. Marzano, 160 F.3d 399, 401 (7th Cir. 1998).

To assess whether joinder is proper, the court looks only to what is alleged in the indictment. See, e.g., Fed. R. Evid. 8(b); Marzano, 160 F.3d at 401; Porter, 821 F.2d at 972. Here, count two of the indictment charges that Conway and Artis "knowingly conspire[d] with each other" to launder the proceeds of "drug trafficking," which was charged in count one. Indictment 2. Counts four, five, seven and eight further allege specific instances when Conway and Artis engaged in money laundering and concealment of money laundering with proceeds from drug trafficking activities. See id. 4–7. The drug and money laundering activities charged here are part of the same series of acts or transactions because they share a common participant (Artis) and the facts, as alleged in the

4

indictment, show that the money laundering conspiracy arose out of the drug conspiracy. Thus, Conway and Artis are properly joined under Rule 8(b) and the court denies Conway's motion that joinder is improper.

Alternatively, Conway moves to sever her trial from that of Artis pursuant to Federal Rule of Criminal Procedure 14. Mot. Sever 1. Conway argues that it would be "highly prejudicial" for the jury to hear evidence about Artis's drug activities and it would "create[] a danger of 'guilt by association.'" Id. 6. Rule 14 permits the court to sever defendants' trials if a joint trial would create prejudice—even if the defendants were properly joined under Rule 8. Severance is a discretionary decision of the court. See, e.g., Zafiro v. United States, 506 U.S. 534, 538–39 (1993). Joint trials are preferred for defendants who are indicted together to promote efficiency and avoid conflicting verdicts. See id. at 537. The preference for joint trials increases in conspiracy cases. See, e.g., United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990). Severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Conway bears the "burden of demonstrating a strong showing of prejudice." United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008) (quotation omitted).

Conway has not met her burden to demonstrate the need for severance under Rule 14. Conway is not charged in Artis's drug conspiracy or with any other substantive drug offenses. Therefore, the jury will be able to weigh the evidence independently against Conway and Artis "without any significant spillover effect." Rittweger, 524 F.3d at 179; see Marzano, 160 F.3d at 402. The court also possesses "less restrictive means than severance" to guard against prejudice, particularly limiting instructions. Mir, 525 F.3d at 357. The Fourth Circuit has repeatedly acknowledged the effectiveness of limiting instructions at curtailing any prejudice. See, e.g., id. at

5

357–58; Haney, 914 F.2d at 607; Porter, 821 F.2d at 972. The court will provide the necessary instructions in Conway's case. Furthermore, severance would not result in judicial economy because, even if Conway's trial was severed, Conway's jury would still hear evidence about the reason and source of funds for Conway's alleged money laundering activities. See Marzano, 160 F.3d at 402. Thus, the court denies Conway's motion to sever under Rule 14.

Sixth, Conway moves for an order requiring the government to provide a bill of particulars for the money laundering conspiracy, listing all of Conway's alleged co-conspirators and every financial transaction alleged to have occurred in furtherance of the conspiracy. Mot. Bill Particulars [D.E. 36] 1. Conway argues that a bill of particulars is required for her to know "the precise charges against her, and to avoid unfair surprise at trial." Id. "The purpose of a bill of particulars is to inform the defendant of the charges against [her] in sufficient detail and to minimize surprise at trial." United States v. Butler, 885 F.2d 195, 199 (4th Cir. 1989) (quotation omitted). It is not intended "to provide detailed disclosure of the government's evidence in advance of trial." United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) (quotation omitted). A court need not grant a bill of particulars when the indictment alleges every element of the offenses charged and alleges facts sufficient to put the defendant on notice of the charges. See United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986).

The court has reviewed Conway's requests. In its review, the court accepts the government's proffer that it produced all documents required under Federal Rule of Criminal Procedure 16, and that this discovery identifies Conway's alleged co-conspirators and additional money laundering transactions. See Gov't Resp. 8. In light of the allegations contained in the indictment and the information provided to Conway in discovery, Conway possesses sufficient information about the charges against her so as to avoid surprise or unfair advantage and enable her to prepare for trial.

See Butler, 885 F.2d at 199; Amend, 791 F.2d at 1125–26. Thus, Conway's motion for a bill of particulars is denied.

II.

In sum, the court GRANTS Conway's motion for disclosure of summary exhibits as set forth in this order [D.E. 31]. The court DENIES Conway's motion for notice of Rule 404(b) evidence [D.E. 32], but ORDERS the government to provide Rule 404(b) notice not less than one week before trial. The court GRANTS Conway's motion to sequester [D.E. 33] and ORDERS the government to designate its representative case agent at the beginning of the trial. The sequestration rule also applies to Conway's witnesses. The court DENIES Conway's motion for immediate production of exculpatory and impeachment evidence [D.E. 34], motion to sever [D.E. 35], and motion for a bill of particulars [D.E. 36].

SO ORDERED. This __6__ day of November 2012.

JAMES C. DEVER III
Chief United States District Judge